```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SOPHIA ROBINSON,

                    Plaintiff,                    15-cv-7028 (PKC)

        -against-                                 MEMORANDUM
                                                  AND ORDER

HEALTHFIRST OF NY AND NJ, and HF
MANAGEMENT SERVICES, LLC,

                    Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

    Defendants moved to dismiss the complaint pursuant to Rule 41(b), Fed. R. Civ. P. on April 14, 2017, (ECF Doc. # 34), and orally renewed the motion on July 14, 2017, for failure to prosecute the action. For the reasons stated below, the motion is granted and the complaint is dismissed with prejudice.

BACKGROUND

    Plaintiff Sophia Robinson, by and through her then attorneys Levine & Blit, commenced this action on September 4, 2015 by filing a complaint alleging discrimination and harassment based on race, color, disability, and retaliation in violation of federal, state, and city law. (ECF Doc. # 3.) The case was initially assigned to then Judge Scheindlin. Plaintiff did not serve her complaint on defendants until December 10, 2015. In lieu of an answer to the complaint, defendants submitted a pre-motion letter to Judge Scheindlin requesting permission to move to dismiss several counts of the complaint for failure to state a claim. Plaintiff's counsel subsequently advised the court that it needed to withdraw its representation of plaintiff and requested permission to file a formal motion to withdraw. By order dated February 19, 2016,

Judge Scheindlin granted the motion and Levine & Blit was relieved as counsel for plaintiff. (ECF Doc. # 15.)

By letter to Judge Sheindlin dated March 9, 2016, plaintiff, on her own behalf, requested that the court "please allow me to have some time to research, interview, and hire new counsel if that is indeed what I need to do to have representation which I cannot be without." (ECF Doc. # 17.) Plaintiff represented to the court that she had a serious medical condition but should be able to find new counsel by April 15, 2016. Judge Sheindlin granted the plaintiff's request, rescheduling the initial conference for April 15, 2016 and directing that plaintiff "appear through (or with) counsel if she obtains new representation, or to appear pro se if she does not obtain counsel by this date. (Id.)

On April 12, 2016, the case was reassigned to Judge Hellerstein following Judge Scheindlin's retirement. Judge Hellerstein scheduled an initial conference for May 6, 2016 which was subsequently rescheduled for June 24, 2016. (ECF Doc. # 19, 21.) By email dated June 22, 2016 (ECF Doc. # 22), plaintiff advised the court that although she had obtained new representation, that counsel "is no longer representing me in this matter." Plaintiff requested another adjournment of the initial conference and Judge Hellerstein adjourned the conference until August 5, 2016. (Id.)

Once again, on the eve of the initial conference, plaintiff emailed Judge Hellerstein, requesting yet another adjournment in order to find an attorney. The conference was again rescheduled for September 9, 2016. (ECF Doc. # 23.) However, on September 8, 2016, plaintiff faxed Judge Hellerstein seeking yet another adjournment in order to find an attorney. Judge Hellerstein granted "one last adjournment to Oct. 14, 2016." (ECF Doc. # 24.) Plaintiff did appear before Judge Hellerstein on October 14, 2016, but only to request yet another

extension to find an attorney. Once again, Judge Hellerstein granted an adjournment, this time until November 4, 2016. (ECF Docket Minute Entry, October 14, 2016.) On November 3, 2016, Plaintiff submitted another request for adjournment to Judge Hellerstein. Judge Hellerstein adjourned the conference to January 13, 2017, marking it as "Last adjournment." (ECF Doc. # 25.)

On January 20, 2017, this case was reassigned to the undersigned. That same day, defendants requested that they be allowed to proceed with their motion to dismiss and that plaintiff be given a final directive and deadline to appear by counsel or pro se. (ECF Doc. # 27.) The Court then issued an order setting a briefing schedule for the motion to dismiss. (ECF Doc. # 28.) Defendants filed their motion to dismiss and plaintiff did not respond. By letter dated April 14, 2017, defendants informed the court that plaintiff had not responded and requested that the complaint be dismissed in its entirety with prejudice. (ECF Doc. # 34.)

By order dated June 6, 2017, plaintiff was advised as follows:

**PLAINTIFF SOPHIA ROBINSON IS ADVISED TO CONSIDER RETAINING COUNSEL. HOWEVER, AS A NATURAL PERSON MS. ROBINSON IS ENTITLED TO PROCEED WITHOUT AN ATTORNEY. . . . ALL PARTIES MUST APPEAR FOR A PRETRIAL CONFERENCE ON JULY 5, 2017. . . . SOPHIA ROBINSON MUST APPEAR EITHER IN PERSON OR BY COUNSEL. IF SOPHIA ROBINSON FAILS TO APPEAR AT THE JULY 5, 2017 CONFERNCE, SHE WILL HAVE HER CASE DISMISSED.**

(ECF Doc. # 36.) Defendants were instructed to serve the order on Ms. Robinson and file an affidavit, and defendants did so. (ECF Doc. # 36.)

Defendants, as ordered, appeared at the July 5, 2017 conference. Plaintiff did not. Instead, on July 3 or 4, plaintiff sent an ex parte communication to the Court requesting yet

- 3 -

another adjournment.  By Order dated July 5, 2017, the Court adjourned the conference to July 14, 2017.  Once again, the Court ordered that:

> **ALL PERSONS MUST APPEAR FOR A CONTINUATION OF TODAY'S PRETRIAL CONFRENCE ON JULY 14, 2017 AT 1:45 p.m. . . . .  SOPHIA ROBINSON MUST APPEAR EITHER IN PERSON OR BY COUNSEL.  IF SOPHIA ROBINSON FAILS TO APPEAR AT THE JULY 14, 2017 CONFERNCE, SHE WILL HAVE HER CASE DISMISSED.**

(ECF Doc. # 38.)  Defendants were instructed to serve the order on Ms. Robinson and defendants complied with that directive.

Defendants, as ordered, appeared at the July 14, 2017 conference.  Plaintiff did not.  Instead, by letter dated July 13, 2017, plaintiff informed the court that she could not attend the conference, had yet to find counsel willing to accept her case and remained unwilling to proceed pro se.  Defendants then orally moved to dismiss the complaint with prejudice for failure to prosecute.  The Court granted that motion.

STANDARD FOR DISMISSAL

Rule 41(b) allows a court to dismiss a case with prejudice if 1) the plaintiff's failure to prosecute caused delay of significant duration; 2) plaintiff was given notice that further delay would result in dismissal; 3) defendant was likely to be prejudiced by further delay; 4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and 5) the trial court adequately addressed the efficacy of lesser sanctions.  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  Because "Rule 41(b) dismissal remains a 'harsh remedy to be utilized only in extreme situations,'" LeSane, 239 F.3d at 209 (quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), it is a remedy that should be "employ[ed] only when [the district court] is sure of the impotence of lesser sanctions," Thrall v. Cent. N. Y. Reg'l Transp. Auth., 399 F. App'x 663, 666

(2d Cir. 2010) (quoting Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001)) (alterations in original).

DISCUSSION

Pro se litigants are given special solicitude in complying with procedural requirements. Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Even with this deference to Plaintiff's pro se status, dismissal is warranted here.

First, the plaintiff's failure to prosecute caused significant delay. In order to find that significant delay exists, the failure needs to be the plaintiff's and the delay needs to be of a significant duration. This case was commenced almost two years ago, and has not progressed. The failure of progress is the result of plaintiff's inability to obtain counsel and continued refusal to proceed pro se. In addition, Ms. Robinson created a significant delay; a nearly eighteen-month time span to seek counsel is not only significant, see Rubin v. Abbot Laboratories, 319 F.R.D. 118, 120 (S.D.N.Y. 2016) ("seventeen-month delay is of significant duration"), but violates the plaintiff's own timetable. In her March 9, 2016 letter to Judge Hellerstein, the plaintiff implied that she could find and secure a new attorney within 45 days. (ECF Doc. # 17.)

Second, plaintiff was given a clear non-technical warning that the consequence of non-appearance would be dismissal. The Court provided notice to Ms. Robinson that further delay would result in dismissal on multiple occasions. When Judge Hellerstein granted the adjournment on November 3, 2016, he indicated such action was the "Last adjournment." (ECF Doc. # 25.) This Court also ordered the plaintiff to appear for the July 5 and July 14, 2017 conferences and expressly advised her that failure to appear would result in dismissal. She nonetheless failed to attend.

Third, prolonging this case would prejudice the defendants. Prejudice can be presumed from an unreasonable delay in prosecution. Rubin, 319 F.R.D. at 121. In Rubin, the district court found that "[s]eventeen months is, by any measure, unreasonable [delay]." Id. Ms. Robinson's search for counsel has exceeded seventeen months. The defendants pay for counsel each time a conference is scheduled; when Ms. Robinson does not attend a conference, or seeks a last-minute adjournment, she causes tangible financial costs to defendants. Further, defendants have been denied the opportunity to clear their name of an allegation of racial discrimination.

Fourth, the burden this delay adds to the Court outweighs Ms. Robinson's right to be heard before this Court because this case only creates greater congestion without progress. Each time this Court considers Ms. Robinson's requests, the Court is losing opportunities to address other cases that need to be heard. Rubin, 319 F.R.D. 118 ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b).") (internal quotation marks omitted).

Fifth, the efficacy of lesser sanctions has been considered. Because Ms. Robinson has failed to appear in the face of an explicit warning that her case would be dismissed, there is no reason to believe a lesser sanction would be efficacious. Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.")

Ms. Robinson has had a year and five months to find counsel and the Court has repeatedly advised her of her right to appear pro se. Nothing in Ms. Robinson's communications to the Court suggest that she is any closer to retaining counsel than she was seventeen months ago. Ms. Robinson has repeatedly indicated that she does not wish to prosecute the case herself

as a pro se litigant. Any adjournment would create additional delay, add greater prejudice toward the defendants, and contribute to greater court congestion without any clear benefit of moving the case forward. Therefore, because this case meets all five factors for dismissal with prejudice, this case should be dismissed.

CONCLUSION

Sophia Robinson's complaint is dismissed with prejudice for failure to prosecute. The Clerk of the Court is directed to enter judgment for defendants.

Counsel for the defendants are directed to serve this Order on Ms. Robinson and file an affidavit of service within seven (7) days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 31, 2017